Filed 4/27/22  In re K.M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.M., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. S.M., Defendant and Appellant. | G060879 (Super. Ct. No. 21DP0421) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Vibav Mittal, Judge.  Conditionally reversed and remanded with instructions.

Richard L. Knight, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

No appearance for the Minor.

                    *            *            *


Mother appeals from a judgment in a dependency petition that terminated her parental rights as to her daughter and selected adoption as the daughter's permanent plan. Mother raises a single issue on appeal: that the court erred in failing to make a finding that Social Services Agency (SSA) had adequately investigated the minor's Indian ancestry under the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and related California law. SSA concedes that the court failed to make a finding and that the evidence would have been insufficient to support a finding.

Nevertheless seeking an affirmance, SSA moves this court to receive additional evidence not before the trial court that allegedly demonstrates, first, that substantial evidence supports a finding that ICWA did not apply, and second, that any error was harmless because mother could not achieve a different result on remand.

The fundamental problem in this case, which SSA barely acknowledges, is that the court never made a finding concerning the applicability of the ICWA. Most of SSA's brief is devoted to arguing that substantial evidence—i.e., evidence presented for the first time on appeal—supports a finding that the ICWA was inapplicable. But that argument puts the cart before the horse. Without a trial court finding as a starting point, there is nothing for us to review for substantial evidence. Nor can we imply a finding because, as SSA concedes, the trial court was never presented with evidence that would have supported a finding. Rather, the court simply never made a finding concerning ICWA. This was clear error.

SSA contends the error was harmless because mother's claim of Indian ancestry was already investigated in a prior dependency proceeding involving minor's

2

half sibling.  However, that was a separate proceeding before a different judicial officer. We cannot presume that the current judge will make the same ruling.  SSA also moves to have us admit evidence of an actual ICWA investigation that was performed in this case but never presented to the trial court, which, in SSA's view, shows that ICWA does not apply to minor.  However, the adequacy of SSA's investigation is disputed, and the Court of Appeal is not the appropriate venue for resolving that dispute.  More fundamentally, because adherence to ICWA procedures is essential to protect the rights of tribes who may have an interest in this proceeding, prejudice is presumed.  Accordingly, we reverse.

FACTS

Minor was born in April 2021 with methamphetamine in her system. Mother admitted to having used methamphetamine two days before giving birth.  She had abused it throughout her pregnancy.  As a result of the positive toxicology screen, the court detained minor.  Mother was granted supervised visitation.  Minor was subsequently placed with a foster parent.

At the jurisdictional hearing, the court found mother had an unresolved substance abuse problem involving alcohol, heroin, and methamphetamine.  The court sustained the dependency petition under the Welfare and Institution code, section 300, subds. (b)(1) (failure to adequately supervise or protect the minor) and (j) (neglect of sibling).[1]  The court denied reunification services to mother on the ground that she had been offered reunification services in a dependency proceeding involving minor's half sibling in 2019, but failed to reunify.  (See Welf. & Inst. Code, § 361.5, subd. (b)(10)-(11) [reunification services may be bypassed where parent failed to reunify with sibling or had parental rights terminated as to sibling].)

_____

[1] All statutory references are to the Welfare and Institution code unless stated otherwise.

3

The dependency proceeding involving the half sibling was initiated in May 2019 because the half sibling likewise was born with methamphetamine in his system. Mother was offered reunification services but did not engage in services and failed to reunify. Ultimately, her parental rights to the half sibling were terminated and the half sibling was put up for adoption. At the time of minor's detention in the current proceeding, the half sibling was "a couple months" from having his adoption finalized.

In the current proceeding, after bypassing reunification services, the court held a hearing pursuant to section 366.26 (.26 hearing) at which it terminated mother's parental rights. The court found that minor was adoptable (the foster parent had expressed a desire to adopt minor) and selected that as minor's permanent plan. Mother appealed.

*ICWA Investigation*

At the time of detention, mother denied any Indian heritage. However, at the detention hearing she claimed to have Apache heritage. The court ordered SSA to further investigate mother's claim and deferred making a finding on the applicability of ICWA.

In a subsequent interview, mother claimed her father Geronimo J. was a "registered full-blooded" member of an Apache tribe. However, she did not have any contact information for him or any tribe members.

Afterward, any further ICWA inquiry seems to have been forgotten by both the parties and the court. The only subsequent mention of ICWA was in the November 8, 2021 social worker's report, which was received immediately prior to the .26 hearing. The social worker recommended finding that the ICWA did not apply, and referred the court to an attached ICWA report dated October 19, 2021. However, the October 19, 2021 ICWA report was not attached. The court never made any findings concerning the

4

application of ICWA, and SSA did not include any further information in its reports concerning its investigation of mother's alleged Indian ancestry.

After filing the appeal, mother moved this court to augment the record to include the ICWA report that was missing from the report dated November 8, 2021, referenced above. We initially granted the motion and instructed the trial court to supplement the Clerk's Transcript. Rather than supplement the clerk's transcript, however, the superior court simply sent over the document. We then issued an order stating, "Due to the manner of the response to this court's order, it is now unclear whether the document at issue . . . is a 'document filed or lodged in the case in superior court.'" To resolve the issue, we ordered SSA to respond by indicating whether it conceded that the record would be properly augmented with the document. SSA responded that the document was accurate, though it could not be found in the juvenile court's file. SSA then filed a motion pursuant to Code of Civil Procedure section 909 to introduce an updated version of the report into evidence on appeal. On the same day, SSA requested that we take judicial notice of documents from the prior dependency proceeding involving minor's half sibling. We deferred a ruling on both motions pending this opinion.

DISCUSSION

Mother's contention on appeal is that the court erred in failing to make a finding concerning ICWA and that, in any event, there would have been insufficient evidence to support a finding that ICWA does not apply. SSA concedes that error but attempts to ameliorate it by introducing additional evidence on appeal. Below, we begin with a general overview of ICWA and then proceed to discuss the admissibility of SSA's proffered evidence.

5

Congress passed ICWA "to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture . . . ." (25 U.S.C. § 1902.) As this policy formulation suggests, the protections of ICWA inure to the benefit of not only Indian children, but also the tribes themselves. (*Miss. Band of Choctaw Indians v. Holyfield* (1989) 490 U.S. 30, 49.) Because a tribe is not usually a party to a dependency proceeding at the outset, ICWA, and accompanying California law, imposes certain duties on SSA and the court to investigate potential Indian ancestry and to provide notice to tribes, who then have the option to intervene in the proceeding. (25 U.S.C. §§ 1911, subd. (c), 1912; Welfare & Inst. Code, § 224.) A dependency proceeding that violates ICWA is subject to collateral attack: "Any Indian child, the Indian child's tribe, or the parent or Indian custodian from whose custody the child has been removed, may petition the court to invalidate an action in an Indian child custody proceeding for foster care or guardianship placement or termination of parental rights if the action violated Section 1911, 1912, or 1913 of the federal Indian Child Welfare Act of 1978." (Welf. & Inst. Code, § 224, subd. (e).)

"The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 may be or has been filed, is or may be an Indian child. The duty to inquire begins with the initial contact . . . ." (Welf. & Inst. Code, § 224.2, subd. (a).) The next step turns on whether SSA and the court receive information that provides a "reason to believe" or "reason to know" that the minor is an Indian child. "If the court, social worker, or probation officer has *reason to believe* that an Indian child is involved in a proceeding, but does not have sufficient information to determine that there is *reason to know* that the child is an Indian child, the court, social worker, or probation officer shall make *further inquiry* regarding the possible Indian status of the child, and shall

6

make that inquiry as soon as practicable." (Welf. & Inst. Code, § 224.2, subd. (e), italics added.) Further inquiry involves, among other things, "[i]nterviewing the parents, Indian custodian, and extended family members . . . ." (*Id.* at subd. (e)(2)(A).) If, by contrast, there is "reason to know" the minor is an Indian child, then SSA must provide formal notice to the affected tribe. (*Id.* at subd. (b); § 224.3.) SSA and the court must then work with the tribe to determine whether minor is in fact an Indian child. (§ 224.2, subd. (g).) The tribe's determination on that point is conclusive. (*Id.* at subd. (h).)

Here, mother reported that her father was a "full blooded" member of an Apache tribe. The parties are in agreement that this triggered, at minimum, a duty to make further inquiry. Moreover, SSA concedes the following: "should this Court deny the Motion to Take Additional Evidence or decline to take judicial notice of [the half sibling's] court records, it is conceded the currently constituted record does not include sufficient documentation that SSA conducted a 'further inquiry' as required under the ICWA."

The additional evidence SSA seeks to introduce comes in two batches.

First, SSA requested that we take judicial notice of certain records from the half sibling's case. Those records purport to show the following: In the prior proceeding, mother claimed Apache Indian ancestry. SSA sent a notice to the Bureau of Indian Affairs (BIA), the Secretary of the Interior, and eight Apache tribes. The notice included mother's identifying information and the name of her father, Geronimo J., but without any contact information other than that he lives in Missouri.[2] Due to a lack of contact information, the social worker was unable to contact any of mother's relatives. The tribes all responded that the half sibling was not eligible for enrollment. The court found ICWA did not apply.

---

[2] We have abbreviated mother's father's last name for privacy purposes. The notices included his full name.

7

Second, SSA moves under Code of Civil Procedure section 909 that we admit evidence not presented to the trial court, namely, a report from a social worker of an investigation undertaken in this proceeding (this purports to be the report that was supposed to be attached to the social worker's report dated November 8, 2021). According to the report, the same social worker from the half-sibling's case contacted the BIA and eight Apache tribes, providing mother's information as well as the name of mother's father, this time spelled Jeronimo J. (as compared to Geronimo J.). The notice did not include any contact information for mother's father (as compared to his state of residence in the prior case). Each of the tribes responded that minor is not eligible for enrollment.

Code of Civil Procedure section 909 provides, "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make factual determinations contrary to or in addition to those made by the trial court. The factual determinations may be based on the evidence adduced before the trial court either with or without the taking of evidence by the reviewing court. The reviewing court may for the purpose of making the factual determinations or for any other purpose in the interests of justice, take additional evidence of or concerning facts occurring at any time prior to the decision of the appeal, and may give or direct the entry of any judgment or order and may make any further or other order as the case may require. This section shall be liberally construed to the end among others that, where feasible, causes may be finally disposed of by a single appeal and without further proceedings in the trial court except where in the interests of justice a new trial is required on some or all of the issues."

Although Code of Civil Procedure section 909 is to be liberally construed, it is, nonetheless, sparingly used. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.]

8

This rule reflects an 'essential distinction between the trial and the appellate court … that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law . . . .' [Citation.]  The rule promotes the orderly settling of factual questions and disputes in the trial court, provides a meaningful record for review, and serves to avoid prolonged delays on appeal.  'Although appellate courts are authorized to make findings of fact on appeal by Code of Civil Procedure section 909 . . ., the authority should be exercised sparingly.  [Citation.]  *Absent exceptional circumstances, no such findings should be made.* [Citation.]'  [Citations.]  [¶]  There is no blanket exception to the general rule for juvenile dependency appeals." (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

We first consider the relevance of the proffered evidence on appeal.  SSA contends the evidence "offer[s] substantial evidence to support a finding that the ICWA does not apply to the underlying proceedings."  Before we can reach a substantial evidence review, however, there must be a finding for us to review.  SSA has largely ignored this flaw in its argument.  Its only recognition of the issue is a citation to a case with a parenthetical description regarding implied findings.  (See *In re E.W.* (2009) 170 Cal.App.4th 396 (*E.W.*).) A review of that case, however, persuades us that the present case is not suitable for such a finding.

In *E.W.*, the court failed to make an explicit finding concerning the applicability of ICWA, which the mother contended was error.  (*E.W.*, supra, at p. 403.)  The court recognized there was some disagreement in the case law regarding whether an explicit ruling is required or whether a court of appeal may imply a finding.  (*Id.* at p. 404.)  Where all courts agree, however, is that "'[t]he point of the matter is the court must decide, one way or the other, whether the ICWA applies, so it can proceed in compliance therewith when appropriate.'" (*Id.* at p. 404.)  The *E.W.* court concluded an implied finding sufficed.  It found an implied finding appropriate because "the social worker's reports specifically discussed the ICWA issue and included documentation of the notices

9

sent and the negative responses received from the tribes. Given the several reports . . . specifically discussing the ICWA issue and repeatedly noting that ICWA 'does not apply,' the record reflects an implicit finding concerning the applicability of the ICWA." (*Ibid.*) It contrasted the case with that of *In re Jennifer A.* (2002) 103 Cal.App.4th 692 (*Jennifer A.*), where the court declined to imply a finding because no notice to the tribes or responses from the tribes was filed with the trial court. (*E.W.*, supra, at p. 404.) The *E.W.* court concluded, "We agree with these decisions that an implicit ruling suffices, at least as long as the reviewing court can be confident that the juvenile court considered the issue and there is no question but that an explicit ruling would conform to the implicit one." (*Id.* at p. 405.)

Even assuming courts of appeal may imply a finding on ICWA compliance, the circumstances of the present case are markedly different from *E.W.* Here, none of the social worker's reports discuss any significant investigation after mother claimed her father was a "full blooded" member of an Apache tribe. When the court was informed of mother's claim, it deferred a ruling on ICWA. SSA concedes no substantial evidence of ICWA compliance was before the court. On such a record, we cannot conclude the court made an implied finding that ICWA did not apply. And without a finding, there is nothing for us to review for substantial evidence. The additional evidence is thus irrelevant to any substantial evidence inquiry.

If not relevant to a substantial evidence inquiry, SSA's next argument is that the additional evidence shows that any error was harmless because the outcome of an ICWA investigation is a foregone conclusion. However, as we recently explained in *In re A.R.* (2022) __ Cal.App.5th __,[2022 Cal.App.Lexis 291] the court's failure to comply with its duties under ICWA is presumed to be prejudicial. "[A] rule requiring reversal in all cases where ICWA requirements have been ignored is consistent with the recognition that parents are effectively acting as 'surrogate[s]' for the interests of Native American tribes when raising this issue on appeal. . . . '[A]ppellate review of procedures and

10

rulings that are preserved for review irrespective of any action or inaction on the part of the parent should not be derailed simply because the parent is unable to produce an adequate record.' [¶] Any other rule would potential make enforcement of the tribes' rights dependent on the quality of the parents' effort on appeal. That would be inconsistent with the statutory schemes which place that responsibility on the courts and child welfare agencies."

Moreover, even if an exception could be made where evidence demonstrates that ICWA is categorically inapplicable, the evidence SSA offers does not rise to that level. The fact that a prior court found ICWA inapplicable in the half sibling's case is not determinative in the present case. The present case is before a different judge. That consideration led the court in *In re Robert A.* (2007) 147 Cal.App.4th 982 to reject an identical harmless error argument. (*Id.* at p. 989 ["the half sibling's dependency case was heard by the juvenile court in El Cajon and presided over by a different judicial officer than the one who presided over [the minor's] case."].) "We reject Agency's attempt to bootstrap this case to the half sibling's case for ICWA purposes . . . ." "ICWA notices in separate dependency cases are not fungible evidence—even when the separate cases involve half siblings who share the same parent with Indian heritage." (*Id.* at p. 990.) The fact that different judges are involved renders this case distinguishable from *E.W.* where the court found ICWA notice as to one sibling rendered the absence of notice as to the other sibling harmless. In *E.W.* the siblings were "part of the same dependency case, in the same courthouse, before the same judicial officer." (*E.W., supra,* 170 Cal.App.4th at p. 401.) Not so here. Because the records from the half sibling's proceeding cannot establish a lack of prejudice, we deny SSA's request for judicial notice. (See *Robert A.* at p. 990 ["Because ICWA documents from the half sibling's case were not before the juvenile court at the time of the proceedings in question nor part of the juvenile court case file, it is inappropriate to augment the record with them."].)

11

The evidence SSA seeks to introduce of its investigation in this case is similarly inadequate. Although it appears SSA reached out to various relevant tribes, mother presents a colorable argument that SSA's investigation was inadequate because it failed to reach out to her extended relatives, including her mother. (See Welf. & Inst. Code, § 224.2, subd. (e)(2)(A) ["further inquiry" requires interviewing extended family members].) We express no opinion on that dispute, other than that the court of appeal is not the place to resolve the dispute in the first instance. (*Jennifer A., supra,* 103 Cal.App.4th at p. 703 ["Making the appellate court the trier of fact is not the solution."].) Accordingly, we deny SSA's motion under Code of Civil Procedure section 909 to introduce new evidence on appeal.[3]

Consistent with SSA's concession, because we have excluded the additional evidence SSA proffered, we conclude the court prejudicially erred by failing to make a finding concerning ICWA. It has become common practice in such circumstances to conditionally reverse the judgment on the theory that if ICWA is ultimately deemed not to apply, then the error will not have affected the judgment already rendered. (See, e.g., *In re N.D.* (2020) 46 Cal.App.5th 620, 624.) We will follow that practice in this case.

---

[3] For the same reasons, we vacate our prior ruling granting mother's motion to augment the record and instead deny that request.

DISPOSITION


The judgment is conditionally reversed and remanded to the juvenile court for the limited purpose of allowing SSA to comply with the ICWA.  After complying with applicable inquiry and notice requirements, if it is determined that the ICWA does not apply, the court's judgment shall be reinstated.



MARKS, J.*

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.